UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| FIRST FRANKLIN FINANCIAL CORPORATION, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff(s), | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:07CV1478 JCH |
|  | ) |  |
| ADVANTAGE MORTGAGE CONSULTING, INC., et al., | ) |  |
|  | ) |  |
| Defendant(s). | ) |  |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Residential Title Services, Inc.'s Motion to Dismiss, filed November 7, 2007. (Doc. No. 9). The matter is fully briefed and ready for disposition.

## **BACKGROUND**[1]

By way of background, on October 17, 1995, Christopher L. Morgan and his wife, Judy Ann Morgan, took fee simple title to a residential property in Kansas City, Missouri (the "Property"). (Compl., ¶ 7). On April 7, 2005, Christopher Morgan granted to Defendant Advantage Mortgage Consulting, Inc. ("Advantage"), as broker, the exclusive right to negotiate a refinancing mortgage loan commitment for the Property in an amount up to $180,000.00. (Id., ¶ 8). Pursuant to a Rider to the Loan Brokerage Agreement, Advantage was to perform certain duties for the lender, ultimately First Franklin[2], including collecting financial information from Christopher Morgan and others, and

---

[1] The majority of this Court's background section is taken from First Franklin Financial Corporations's ("First Franklin") Complaint, to which Defendants have not yet filed answers.

[2] On April 14, 2005, Advantage entered into a Level 1 Correspondent Loan Purchase Agreement ("Agreement") with First Franklin, through which Advantage agreed to sell to First Franklin promissory notes, secured by mortgages or deeds of trust, on residential real property that met the criteria of First Franklin's mortgage purchase programs. (Compl., ¶ 10).

assisting the lender in determining the appropriate mortgage amount and payment for Christopher Morgan's budget and needs, based on available credit terms, closing costs, and escrow payments, if any. (Id., ¶ 9). Advantage eventually collected information and documents from the Morgans and others in a form acceptable to First Franklin, and assisted the Morgans in completing documents, including a Uniform Residential Loan Application, for submission to First Franklin. (Id., ¶¶ 18, 19).

On May 18, 2005, Advantage assisted the Morgans in a loan closing with Residential Title Services, Inc. ("RTS"). (Compl., ¶¶ 23, 26).[3] That same day, as a result of the information and documents provided to First Franklin by the Morgans, RTS, and Advantage, First Franklin agreed to enter into a mortgage loan ("Note") with Christopher Morgan, in the principal amount of $167,000.00, plus interest thereon. (Id., ¶ 28). Pursuant to the Note, the Morgans executed a Deed of Trust in favor of Advantage, and Advantage then assigned the Deed of Trust to First Franklin. (Id., ¶¶ 29, 30).

On June 14, 2005, First Franklin funded the loan, in the amount of $167,000.00. (Compl., ¶ 31). The Note's first payment, in the amount of $1,287.29, was due to First Franklin on July 1, 2005. (Id., ¶ 34). According to First Franklin, the Morgans refused to pay the first and all subsequent payments under the Note. (Id., ¶ 36). Further, First Franklin maintains Advantage and RTS did not effectuate the recording of First Franklin's Assignment of Note Without Recourse, and the Corporate Assignment of Real Estate Mortgage, in the Jackson County, Missouri, Recorder's office. (Id., ¶ 35).

On October 16, 2005, Christopher Morgan filed for relief in bankruptcy in the United States Bankruptcy Court for the Western District of Missouri. (Compl., ¶ 39). On December 19, 2005, the Morgans purchased residential property in Independence, Missouri. (Id., ¶ 40). The Morgans then

---

[3] RTS acted as closing and escrow agent for the loan closing. (Compl., ¶ 24).

abandoned the Property, allowing it to fall into severe disrepair and fill with debris. (Id., ¶ 41). First Franklin eventually foreclosed on the Property, and sold it at a substantial loss. (Id., ¶¶ 42, 43).

First Franklin filed its Complaint in this matter on August 20, 2007. (Doc. No. 1). In its Complaint, First Franklin names as Defendants Advantage, Judy Ann Morgan, and RTS. With respect to RTS, First Franklin levels charges of fraud (Count I), and negligent misrepresentation (Count II).

As stated above, RTS filed the instant Motion to Dismiss on November 7, 2007, asserting that Count I of First Franklin's Complaint must be dismissed for failure to plead fraud with particularity. (Doc. No. 9). RTS further maintains Count II of First Franklin's Complaint must be dismissed, as First Franklin fails to state a claim against RTS for negligent misrepresentation. (Id.).

## DISCUSSION

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted if the Complaint does not contain, "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations, "must be enough to raise a right to relief above the speculative level." Id. at 1965 (citations omitted).

## I. **Count I: Fraud**

In Count I of its Complaint, First Franklin seeks damages from RTS for fraud. First Franklin makes the following general allegations against RTS in its Complaint:

> 23. Advantage purportedly assisted the Morgans in a loan closing with RTS in St. Louis, Missouri, on behalf of First Franklin as the mortgage lender.
>
> 24. RTS acted as closing and escrow agent for the loan closing....
>
> 28. As a result of the information and documents provided to First Franklin by Morgan, RTS and Advantage, on May 18, 2005, First Franklin agreed to enter into a mortgage loan ("Note") with Christopher Morgan, number 4000347644, in the principal amount of $167,000.00, plus interest thereon....
>
> 33. Upon information and belief, Advantage, RTS and the Morgans made or allowed to be made certain material misrepresentations regarding Christopher Morgan's identity, income, debt, employment history, and Property's value which Advantage and RTS then submitted in conjunction with the loan package in order to qualify Christopher Morgan for the mortgage loan and ultimate closing....
>
> 35. Upon information and belief, Advantage and RTS did not effectuate recording of First Franklin's Assignment of Note Without Recourse, Exhibit 6, and the Corporate Assignment of Real Estate Mortgage, Exhibit 8, in the Jackson County, Missouri Recorder's office....
>
> 42. As a result of the Morgans', RTS's and Advantage's acts and omissions, First Franklin was required to foreclose on the Property and sustained substantial actual damages....
>
> 44. First Franklin relied on the information and documents provided by the Morgans, RTS and Advantage.

In Count I of its Complaint, First Franklin alleges fraud on the part of RTS, as follows:

> 49. Upon information and belief, the Morgans, RTS and Advantage made or allowed to be made certain material misrepresentations regarding Christopher Morgan's employment, income, debt and manner in which title would be held which the Morgans and Advantage submitted to First Franklin in conjunction with the loan package in order to qualify for the loan.
>
> 50. Upon information and belief, the Morgans, RTS and Advantage knew the representations and omissions were false at the time made.
>
> 51. Upon information and belief, the Morgans, RTS and Advantage knew that the representations were material in First Franklin's decision to enter into a loan agreement and deed of trust with Christopher Morgan.

52. First Franklin was unaware that such representations were false when the Morgans and Advantage made the representations.[4]

53. The Morgans, RTS and Advantage intended that the false representations should be acted upon by First Franklin and in the manner reasonably contemplated by First Franklin.

54. First Franklin relied on the representations made by the Morgans, RTS and Advantage.

55. First Franklin had a right to rely on the representations made by the Morgans, RTS and Advantage.

56. As a direct and proximate result of the Morgans', RTS's and Advantage's intentional, false representations, First Franklin has been damaged in an amount in excess of $134,289.90.

(Doc. No. 1).

In its Motion to Dismiss, RTS asserts Count I of First Franklin's Complaint against it must be dismissed, because the allegations lack sufficient particularity as required by Federal Rule of Civil Procedure 9(b). Rule 9(b) states in relevant part as follows: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). The Court must interpret the requirements of Rule 9(b) "in harmony with the principles of notice pleading." Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001) (internal quotations and citations omitted). "The special nature of fraud does not necessitate anything other than notice of the claim; it simply necessitates a higher degree of notice, enabling the defendant to respond specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct." Abels, 259 F.3d at 920.

This Court has held that the purpose of Rule 9(b) is, "to inhibit the filing of a complaint as a pretext for the discovery of unknown wrong, protect defendants from the harm that might come to

---

[4] First Franklin does not mention RTS in paragraph 52 of its Complaint.

their reputations when charged with acts of moral turpitude, and finally ensure that the allegations are particularized enough to enable defendants to prepare an adequate defense." United States ex rel. O'Keefe v. McDonnell Douglas Corp., 918 F.Supp. 1338, 1345 (E.D. Mo. 1996) (internal quotations and citations omitted). "The sufficiency of a pleading under Rule 9(b) depends upon the nature of the case, the complexity or simplicity of the transaction or occurrence, the relationship of the parties and the determination of how much circumstantial detail is necessary to give notice to the adverse party and enable him to prepare a responsive pleading." McDonnell Douglas Corp. v. SCI Technology, Inc., 933 F.Supp. 822, 825 (E.D. Mo. 1996) (citation omitted).

The Eighth Circuit has held that in order to comply with Rule 9(b), a plaintiff, "must specifically allege the 'circumstances constituting fraud,' Fed.R.Civ.P. 9(b), including such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." Abels, 259 F.3d at 920 (internal quotations and citations omitted).[5] "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Parnes v. Gateway 2000, Inc., 122 F.3d 539, 549 (8th Cir. 1997) (internal quotations and citations omitted).

In the instant case, RTS avers First Franklin fails to attribute the alleged fraud to a particular Defendant; rather, Plaintiff merely, "lumps RTS in with the loan originator and the borrower in its Counts I and II and generalizes that they all committed fraud." (Defendant RTS's Motion to Dismiss,

---

[5] To satisfy the heightened pleading standard, a plaintiff must attribute all misleading statements to a particular defendant, in order to enlighten each defendant as to its particular part in the alleged fraud. See, e.g., In re BankAmerica Corp. Securities Litig., 78 F.Supp.2d 976, 987 (E.D. Mo. 1999) (requiring plaintiffs to demonstrate who made the allegedly fraudulent statements, when they were made and why they allegedly were false).

P. 4).[6] RTS further maintains First Franklin fails to specify the content of its representations, or the manner in which they allegedly were untrue. (Id., PP. 5-6). Finally, RTS asserts First Franklin fails to prove either that RTS intended First Franklin to rely on any of its alleged statements, or that there existed a causal connection between the alleged fraud and First Franklin's alleged damages. (Id., PP. 6-7).

Upon consideration, the Court agrees that, with respect to RTS, Count I of First Franklin's Complaint is entirely lacking in the particularity required by Rule 9(b). Parnes, 122 F.3d at 550. Without such basic information as the identity of the RTS employee(s) who made the alleged representations, the content of such representations, and the manner in which they allegedly were untrue, the Court holds First Franklin has deprived RTS of the opportunity to prepare an effective defense.[7] RTS's Motion to Dismiss with respect to Count I will therefore be granted. First Franklin will be granted twenty (20) days from the date of this Order, however, in which to file an Amended Complaint that meets the requirements of Rule 9(b).

## II.  Count II: Negligent Misrepresentation

In Count II of its Complaint, First Franklin alleges negligent misrepresentation on the part of RTS, as follows:

> 58.  The Morgans, RTS and Advantage supplied information in the course of the loan application and closing of the Note.
>
> 59.  Because of a failure by the Morgans, RTS and Advantage to exercise reasonable care, the information and documents provided to First Franklin were false.

---

[6] RTS continues to assert the Complaint actually supports the inference that RTS made no representations to First Franklin of any kind. (RTS's Motion to Dismiss, P. 6).

[7] In its response to RTS's Motion to Dismiss, First Franklin attempts to buttress its allegations with references to documents attached to its Complaint. The Court finds this effort insufficient to overcome the deficiencies in First Franklin's Complaint.

- 7 -

> 60. The Morgans, RTS and Advantage intentionally provided First Franklin with the false information and documents relating to Christopher Morgan for the limited purpose of applying for and closing a mortgage loan for the Morgans' Property.
>
> 61. First Franklin justifiably relied on the information and documents provided by the Morgans, RTS and Advantage.
>
> 62. Due to First Franklin's reliance on the information, First Franklin was damaged in an amount in excess of $134,289.90.

(Doc. No. 1).

In its Motion to Dismiss, RTS asserts Count II of First Franklin's Complaint against it must be dismissed, because First Franklin fails to state a claim against RTS for negligent misrepresentation. (RTS's Motion to Dismiss, PP. 8-11). "A cause of action for negligent misrepresentation requires proof that: (1) the speaker supplied information in the course of his or her business because of some pecuniary interest; (2) due to the speaker's failure to exercise reasonable care or competence in obtaining or communicating this information, the information was false; (3) the speaker intentionally provided information for the guidance of a limited group of persons in a particular business transaction; (4) the listener justifiably relied on the information; and (5) as a result of the listener's reliance on the statement, the listener suffered a pecuniary loss." Clearly Canadian Beverage Corp. v. American Winery, Inc., 257 F.3d 880, 893 (8th Cir. 2001). In its Motion to Dismiss, RTS avers First Franklin fails to satisfy the third element of its cause of action, i.e., that RTS provided the allegedly false information either directly to First Franklin, or knowing First Franklin was within a limited group that would rely on the information. (RTS's Motion to Dismiss, PP. 8-9). Rather, RTS maintains the Complaint does not support an inference that RTS had any knowledge First Franklin was involved in the transaction at all, much less that it was relying on information provided by RTS. (Id., P. 10). RTS further asserts First Franklin fails to satisfy element two of its cause of action, as it provides no facts tending to establish that the information supplied by RTS was false. (Id.).

The particularity requirements of Rule 9(b) do not apply to a claim of negligent misrepresentation. In re Marion Merrell Dow, Inc., 1993 WL 393810 at *13 (W.D. Mo. Oct. 4, 1993). See also Burt on Behalf of McDonnell Douglas Corp. v. Danforth, 742 F.Supp. 1043, 1051 (E.D. Mo. 1990) ("Plaintiff's theory of reckless or culpable neglect does not involve fraud, and the Court will, therefore, not apply the requirements of Rule 9(b) to plaintiff's pleadings alleging this theory"); In re NationsMart Corp. Securities Litig., 130 F.3d 309, 315 (8th Cir. 1997), cert. denied, 524 U.S. 927 (1998). First Franklin's cause of action for negligent misrepresentation thus is governed by Federal Rule of Civil Procedure 8, which states in relevant part as follows:

> A pleading that states a claim for relief must contain: ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief....

Fed. R. Civ. P. 8(a). Upon consideration, the Court finds First Franklin's allegations of negligent misrepresentation with respect to RTS, while sparse at best, are sufficient to meet the more lenient pleading requirements of Rule 8. RTS's Motion to Dismiss Count II of First Franklin's Complaint will therefore be denied.[8]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Residential Title Services, Inc.'s Motion to Dismiss (Doc. No. 9) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Defendant Residential Title Services, Inc.'s Motion to Dismiss Count I of First Franklin's Complaint (Doc. No. 9) is **GRANTED**, and First Franklin is

---

[8] At this time, the Court will deny RTS's Motion to Dismiss on the basis of the economic loss doctrine as well. See City of Kennett v. Wartsila North America, Inc., 2005 WL 3274334 at *3 (E.D. Mo. Dec. 2, 2005).

granted leave to file an Amended Complaint that meets the requirements of Rule 9(b), Fed.R.Civ.P., within twenty (20) days of the date of this Order.

**IT IS FURTHER ORDERED** that Defendant Residential Title Services, Inc.'s Motion to Dismiss Count II of First Franklin's Complaint (Doc. No. 9) is **DENIED**.

Dated this 14th day of December, 2007.

/s/ Jean C. Hamilton  
UNITED STATES DISTRICT JUDGE